10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ruben LOPEZ, Petitioner-Appellant,
v.
John SHANKS, Respondent-Appellee.
 No. 93-2079.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Lopez, a pro se litigant, appeals the dismissal of his habeas corpus petition.
 
 
 3
 Mr. Lopez was convicted in New Mexico of the crime of child abuse resulting in death, and sentenced to nine years imprisonment. Mr. Lopez served his sentence, was released on parole and is now challenging his conviction.
 
 
 4
 Mr. Lopez asserted the following grounds for relief in his petition: (1) insufficient evidence; (2) denial of an impartial jury; (3) suppression of exculpatory evidence; (4) denial of right to confront witnesses; (5) prosecutorial misconduct; and (6) ineffective assistance of counsel.
 
 
 5
 In this appeal of the denial of the certificate of probable cause, and of the dismissal of the habeas corpus petition, we review the district court's findings of fact under a clearly erroneous standard, and its conclusions of law de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990).
 
 
 6
 The district court first determined an evidentiary hearing was not necessary as the matters raised could be resolved from the record. The district court found Mr. Lopez had received a full and fair hearing on all of his factual contentions as part of his Motion for a New Trial in the state court. Mr. Lopez chose to submit his contention of bias or prejudice of a juror to the state court on a stipulated record. Accordingly, the district court had the discretion to deny an evidentiary hearing on these same matters. Church v. Sullivan, 942 F.2d 1501, 1517 (10th Cir.1991).
 
 
 7
 The district court then analyzed each of the issues raised and concluded there was no merit to any of Mr. Lopez' contentions. The district court then dismissed the habeas corpus petition with prejudice.
 
 
 8
 As a threshold issue we must decide whether or not Mr. Lopez is entitled to a certificate of probable cause as this was denied by the district court.
 
 
 9
 28 U.S.C.A. Sec. 2253 provides that "[a]n appeal may not be taken to the court of appeals ... where the detention complained of arises out of process issued by a State court, unless the ... judge ... or a circuit ... judge issues a certificate of probable cause." A certificate of probable cause is issued only if the issues raised are of a type that: would cause debate among jurists of reason; this court could resolve the issues raised in a different manner; or the questions raised are adequate to deserve encouragement to proceed further. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). The habeas corpus petitioner has the burden of showing probable cause exists for the appeal.
 
 
 10
 Mr. Lopez has failed in his burden to persuade this court to issue a certificate of probable cause. The district court thoroughly, cogently, and correctly analyzed both the facts and law. Outside of asserting the "District Court applied the incorrect law" and "the lower court never considered the facts necessary to adjudicate the facts correctly," Mr. Lopez fails to cite any law that would tend to show the district court's decision was erroneous as a matter of law. Similarly, Mr. Lopez does not cite any facts found by the state court which would support his appeal. See 28 U.S.C.A. Sec. 2254(d) (state court's factual findings, with certain exceptions, are presumed correct).
 
 
 11
 We have reviewed the record on appeal, Mr. Lopez' Application for Certificate of Probable Cause and Mr. Lopez' brief on appeal. We conclude Mr. Lopez has failed in his burden to show probable cause for his appeal. Mr. Lopez' Application for Certificate of Probable cause is denied and therefore this appeal is DISMISSED. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
 
 
 13
 RUBEN LOPEZ,
 
 
 14
 Petitioner,
 
 
 15
 vs.
 
 
 16
 JOHN SHANKS, Warden,
 
 
 17
 Respondent.
 
 Civil No. 92-996 M/LFG
 
 18
 Jan. 25, 1993.
 
 
 19
 MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED
 
 DISPOSITION[1]
 Proposed Findings
 
 20
 1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner, currently confined in the Central New Mexico Minimum Security Unit located at Los Lunas, New Mexico, challenges the judgment and sentence of the Second Judicial District Court entered in State v. Lopez, No. CR 42421 (County of Bernalillo, New Mexico). Petitioner was found guilty by a jury verdict of child abuse resulting in death by intentionally or negligently not seeking timely medical attention.
 
 
 21
 2. This Court determines that an evidentiary hearing is not necessary as the matter can be resolved on the basis of the record. The granting of such a hearing is within the discretion of the court, and this Court finds that a hearing is not necessary. See Brofford v. Marshall, 751 F.2d 845 (6th Cir.), cert. denied, 474 U.S. 872 (1985).
 
 
 22
 3. Petitioner presents the following grounds for review:
 
 
 23
 I. Whether Petitioner was denied an impartial jury.
 
 
 24
 II. Whether Petitioner was denied due process of law when the prosecutor suppressed exculpatory evidence.
 
 
 25
 III. Whether Petitioner was denied the right to confront witnesses against him.
 
 
 26
 IV. Whether Petitioner was denied due process of the law because of prosecutorial misconduct.
 
 
 27
 V. Whether Petitioner was denied effective assistance of counsel.
 
 
 28
 4. As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. Sec. 2254(b) and (c). See generally, Rose v. Lundy, 455 U.S. 509 (1982). Exhaustion of a federal claim may be accomplished by either (a) showing the state's appellate court had an opportunity to rule on the same claim presented in federal court, or (b) that at the time he filed his federal petition, he had no available means for pursuing a review of his conviction in state court. White v. Meachum, 838 F.2d 1137, 1138 (10th Cir.1988); see also, Wallace v. Duckworth, 778 F.2d F.2d 1215, 1219 (7th Cir.1985); Davis v. Wyrick, 766 F.2d 1197 (8th Cir.1985), cert. denied, 475 U.S. 1020 (1986). "The question with respect to exhaustion is not merely whether [Petitioner] has in the past presented his federal claim to the state courts, but also whether there is, under the law of the [state], any presently available state procedure for the determination of the merits of the claim." Thomas v. Wyrick, 622 F.2d 411, 413 (8th Cir.1980). Respondent concedes, and this Court finds, that Petitioner exhausted available state remedies and the petition is properly before the Court.
 
 
 29
 5. Petitioner alleges that he was denied an impartial jury. He contends that one of the jurors was not impartial because the juror did not follow the court's directive to avoid outside information concerning the case. The juror in question had become aware of a newspaper article about the case. See Respondent's Answer, filed December 14, 1992, Exhibit M, Affidavit of Kathleen Anderson.
 
 
 30
 6. "The right to trial by an impartial jury is a fundamental concept of due process." Burton v. Johnson, 948 F.2d 1150, 1151 (10th Cir.1991). Usually when an allegation of juror bias is made, the court conducts a hearing to determine the circumstances of the contact and the extent of prejudice which results therefrom. Church v. Sullivan, 942 F.2d 1501, 1508 (10th Cir.1991). In addition, "[s]tate court findings relating to juror bias 'are factual determinations to which the presumption of correctness under 28 U.S.C.A. Section apply, although the constitutional standard of jury impartiality is a question of law.' " Burton, 948 F.2d at 1157 (quoting from Patton v. Yount, 467 U.S. 1025, 1037 n. 12 (1984)).
 
 
 31
 7. In the instant action, the court held a hearing to address the allegations of juror impartiality and denied Defendant's Motion for a New Trial. The New Mexico Court of Appeals, when considering the issue, again found no juror bias. The court reviewed the newspaper article in question and found that the article was silent as to defendant's guilt or innocence. See Respondent's Answer, Exhibit F. These state court rulings are entitled to deference. Petitioner has not shown a violation of his right to due process. Petitioner's claim that he was denied an impartial jury is without merit.
 
 
 32
 8. Petitioner also claims that the prosecution withheld exculpatory evidence when it failed to disclose the field notes of Detective Cantwell. The field notes state that the bruises on the child appeared to have occurred between 24 and 30 hours prior to her death. Petitioner asserts that the age of the bruises is relevant because the child was in the custody of her natural father during this time.
 
 
 33
 9. The prosecution has a duty to turn over evidence favorable to the defendant. Brady v. Maryland, 373 U.S. 83, 87 (1963). Accordingly, " '[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' Suppressed evidence is deemed material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Thornburgh, 962 F.2d 1438, 1444 (10th Cir.1992), cert. denied, 113 S.Ct. 220 (1992) (quoting from United States v. Page, 828 F.2d 1476, 1479 (10th Cir.), cert. denied, 484 U.S. 989 (1987)).
 
 
 34
 10. Applying the materiality test set forth above, the field notes are not exculpatory. The evidence is cumulative. There was testimony by Drs. McFeeley and Krakow about the age of the bruises which supports Petitioner's conviction. The field notes do not raise a probability that had the jury been aware of the notes, the outcome of the trial would have been different.
 
 
 35
 11. Petitioner contends that he was denied the right to confront witnesses because the medical examiner who did the autopsy did not testify at his trial. Another medical examiner interpreted the report.
 
 
 36
 12. This claim is without legal support. Petitioner had the opportunity to confront the witness, albeit not the medical examiner who performed the autopsy. The state has no obligation to call as a witness the doctor who actually performs a particular test as long as the witness called was qualified to offer opinion testimony and relied upon the medical report as part of his opinion.
 
 
 37
 13. Through ground four, Petitioner asserts that the prosecutor suppressed exculpatory evidence from the grand jury and as a result thereof, he was illegally indicted.
 
 
 38
 14. This ground is without merit. "[A] prosecutor need not present all conceivably exculpatory evidence to the grand jury," but only that "evidence that clearly negates guilt." United States v. Reid, 911 F.2d 1456, 1460 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991) (quoting United States v. Page, 808 F.2d 723, 727 (10th Cir.), cert. denied, 482 U.S. 918 (1987)).
 
 
 39
 15. Lastly, Petitioner contends that he was denied effective assistance of counsel because his attorney failed to present exculpatory evidence; failed to present information about prosecutorial misconduct during the grand jury process to the court; and failed to present evidence about when the injuries took place and who had custody and control of the child at that time.
 
 
 40
 16. The Court evaluates a Sixth Amendment right to effective counsel as follows:
 
 
 41
 To succeed with a claim of ineffective assistance of counsel, a defendant must demonstrate "his attorney's performance fell below an objective standard of reasonableness" and that but for counsel's deficiencies a reasonable probability exists the proceedings would have resulted in a different verdict. Restated [Petitioner] must show his attorney's performance was both sub-standard and prejudicial to his defense, taking into account the strength of the government's case. Trial strategies necessarily evolve without the benefit of hindsight. Accordingly, we afford a high level of deference to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. The ultimate inquiry, of course, focuses " 'on the fundamental fairness of the proceeding.' "
 
 
 42
 United States v. Maxwell, 966 F.2d 545, 547-48 (10th Cir.), cert. denied, 113 S.Ct. 826 (1992) (quoting from United States v. Miller, 907 F.2d 994, 997 and 997 n. 6 (10th Cir.1990).
 
 
 43
 17. Petitioner has not met his burden under this standard. Petitioner makes conclusory allegations that his attorney failed to present exculpatory evidence. Petitioner does not identify the favorable evidence that his attorney should have presented. Assuming Petitioner's reference was to the field notes, as discussed above, the notes were not exculpatory and counsel was not ineffective in not presenting this evidence. Turning to Petitioner's contention that his lawyer should have vigorously pursued his prosecutorial misconduct claim, this argument is legally without merit. An attorney is not ineffective by not raising meritless claims. Finally, Petitioner alleges his attorney should have spent more time presenting evidence concerning the timing of the injuries. Pursuant to the statute Petitioner was convicted under, N.M.S.A. 1978 Sec. 30-6-1(c)(1) (Repl.Pamp.1984), the identity of the person inflicting the injuries does not matter. What is critical under that statute is whether defendant was aware of any injuries to the child. Petitioner's counsel did not act unreasonably in not presenting evidence that does not refute an element of the crime for which Petitioner was charged.
 
 Recommended Disposition
 
 44
 That the petition be denied and the case dismissed.
 
 
 45
 /s/ Lorenzo F. Garcia
 
 LORENZO F. GARCIA
 United States Magistrate Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed