UNITED STATES of America, Plaintiff–
Appellant, Cross–Appellee,

v.

Alvin BARKER, Defendant–Appellee,
Cross–Appellant.

Nos. 93–30121, 93–30128.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1993.

Decided Aug. 13, 1993.

Joseph Douglas Wilson, U.S. Dept. of Justice, Washington, DC, Jack C. Wong, Asst. U.S. Atty., Portland, OR, for plaintiff-appellant-cross-appellee.

Colleen B. Scissors, Asst. Federal Public Defender, Portland, OR, for defendant-appellee-cross-appellant.

Before: WRIGHT, BEEZER, and HALL, Circuit Judges.

BEEZER, Circuit Judge:

A grand jury in the District of Oregon indicted Alvin Barker for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Through a motion in limine, Barker requested bifurcation of his trial. Specifically, he moved to bifurcate the "possession" element of the crime from the "felon" element of the crime. The district court granted Barker's motion to bifurcate; the United States appeals the district court's order pursuant to 18 U.S.C. § 3731, or in the alternative, through a petition for mandamus, 28 U.S.C. § 1651(a). We grant the petition for mandamus, reverse the bifurcation order, and remand for further proceedings.

## I

Immediately prior to his trial for being a felon in possession of a firearm, Barker filed an "In Limine Motion to Bar the Government From Proving Defendant's Prior Felony Conviction and to Strike the Reference to the Felony Conviction from the Indictment." Barker argued that he would be prejudiced by the evidence of his prior conviction. The government agreed to stipulate to Barker's felony status but argued that the jury should be instructed on all elements of the crime.

The district court granted Barker's motion. As trial procedure, the district court decided to instruct the jury that "the parties have agreed that mere possession [of the firearm] is criminal in this case and it is not for [the jury] to decide the wisdom of such a law." If the jury convicted Barker absent the felony element, Barker would then stipulate to the prior felony conviction. Under this scheme, the indictment would not (and indeed could not) be read to the jury.

After ruling on the motion, the district court began jury selection. Before the jury had been sworn, the government informed the court that it wished to appeal the bifurcation order. At the government's request, the district court granted a stay of trial pending appeal.[1] We granted Barker's motion to expedite the appeal.

## II

18 U.S.C. § 3731 provides in pertinent part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts (sic) suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

\*      \*      \*      \*      \*      \*

> The provisions of this section shall be liberally construed to effectuate its purposes.

The government contends that district court's order "suppress[es] or exclude[s] evidence" of Barker's prior felony conviction and that all other requirements for § 3731 jurisdiction have been met. *See United States v. Adrian*, 978 F.2d 486, 491 (9th Cir.1992) (requirements for § 3731 jurisdiction).

Barker counters that the government will be allowed to present the prior conviction evidence if the jury finds against him on the possession charge. Barker argues that § 3731 does not apply to bifurcation orders. We find this argument convincing.

A bifurcation order does not quite fit into the § 3731 format. The issue is not truly one of exclusion of evidence; it is the bifurcation of the trial that raises concerns. However, the problem raised by the bifurcation order is one that demands review. We agree with the analysis of the First Circuit on this issue: "It is unusual, to say the least, to split the elements of crime into two parts for purposes of trial. Because there may be a question as to our appellate jurisdiction under 18 U.S.C. § 3731 and because of the

---

1. Prior to the filing of the government's notice of appeal, Barker moved to dismiss the indictment. The district court denied this motion; Barker appealed. However, Barker has formally abandoned his cross-appeal (Case No. 93–30128).

importance of deciding *now* the propriety of the bifurcation order, we have decided to proceed under our mandamus powers." *United States v. Collamore,* 868 F.2d 24, 27 (1st Cir.1989) (emphasis in original).

We consider mandamus petitions under 28 U.S.C. § 1651(a), which provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"We have jurisdiction to issue a writ of mandamus in any case for which we would have the power to entertain appeals at some stage of the proceedings." *Rosenfeld v. United States,* 859 F.2d 717, 722–23 (9th Cir.1988). Mandamus is an extraordinary remedy used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction." *Id.* at 723. The party seeking mandamus must show a clear and indisputable right to issuance of the writ. Five guidelines inform our decision to issue a writ of mandamus.

> (1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he or she desires.
>
> (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.)
>
> (3) The district court's order is clearly erroneous as a matter of law.
>
> (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
>
> (5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* All five factors need not be met for the writ to issue. Mandamus is not available when § 3731 provides appellate jurisdiction.

United States v. Dominguez–Villa, 954 F.2d 562, 564 (9th Cir.1992).

We grant the government's petition for mandamus.[2]

## III

Section 922(g)(1) requires the government to prove beyond a reasonable doubt that Barker has been convicted of a prior felony. *United States v. Lloyd,* 981 F.2d 1071, 1072 (9th Cir.1992). The district court's order changes the very nature of the charged offense; we review such a legal decision *de novo. See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

▉ We hold that the district court may not bifurcate the single offense of being a felon in possession of a firearm into multiple proceedings. We join several other circuits in reaching this result. *See United States v. Gilliam,* 994 F.2d 97, 101–02 (2d Cir.1993); *United States v. Birdsong,* 982 F.2d 481, 482 (11th Cir.1993), *cert. denied,* —— U.S. ——, 113 S.Ct. 2984, 125 L.Ed.2d 680 (1993); *Collamore,* 868 F.2d at 28; *United States v. Aleman,* 609 F.2d 298, 310 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Brinklow,* 560 F.2d 1003, 1006 (10th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978).

▉ Any other holding would have at least three impermissible results. First, if the jury did not return a guilty verdict on the possession portion of the crime, the government would be precluded from proving an essential element of the charged offense.[3] *United States v. Campbell,* 774 F.2d 354, 356 (9th Cir.1985) (the government is "entitled to prove the[ ] elements of the charged offenses by introduction of probative evidence"). Second, a bifurcated proceeding would withhold

---

**2.** Barker raises questions about the procedural propriety of the government's appeal under § 3731. Because we find jurisdiction through mandamus, we do not address these concerns.

**3.** Barker misunderstands the fundamental nature of "prejudicial evidence." Evidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justified its admission. A prior

conviction is not prejudicial when it is an element of the charged crime. Proof of the felony conviction is essential to the proof of the offense—be it proof through stipulation or contested evidence. The underlying facts of the prior conviction are completely irrelevant under § 922(g)(1); the existence of the conviction itself is not.

from the jury all knowledge of the prior felony element of the crime. *See United States v. James,* 987 F.2d 648 (9th Cir.1993) (conviction reversed for failure to read stipulation to jury that bank was federally insured). Third, the bifurcation order would require omitting an element of the charged offense from the jury instructions. A district court may not eliminate an element of a crime and change the nature of the crime charged. *United States v. Combs,* 762 F.2d 1343, 1346 (9th Cir.1985).

■ Additionally, the district court's order creates an unfair danger of jury confusion. As the First Circuit stated in *Collamore:*

> when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime.... Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.

868 F.2d at 28. Limiting the jury's consideration of required elements of an indicted offense is contrary to the presumption against special verdicts in criminal cases. *United States v. Aguilar,* 883 F.2d 662, 690 (9th Cir.1989), *cert. denied,* 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991). The bifurcation order removes an element of the crime from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime. *See Gilliam,* 994 F.2d at 102 ("There is a significant difference, however, between a rule formulated to limit the admissibility of potentially prejudicial evidence and a rule that eliminates an element of a crime legislated by Congress."). We find the district court's bifurcation order improper.

## IV

We **GRANT** the government's petition for mandamus. We **ORDER** the writ to issue **REVERSING** the district court's bifurcation order. We **REMAND** the case to the district court for further proceedings.