**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Ray DEAN, Defendant–Appellant.**

**No. 94–1561.**

United States Court of Appeals,
Tenth Circuit.

Feb. 8, 1996.

---

Gregory C. Graf, Assistant United States Attorney (Henry L. Solano, United States Attorney, with him, on the brief), Denver, Colorado, for Plaintiff–Appellee.

Glen R. Anstine, Denver, Colorado, for Defendant–Appellant.

Before MOORE and LOGAN, Circuit Judges, and O'CONNOR, Senior District Judge.*

EARL E. O'CONNOR, Senior District Judge.

The defendant, Donald Ray Dean, was charged and convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He appeals from the district court's order denying his motion to bifurcate the offense for trial. Though not raised below, Dean also asserts that the trial court erred in admitting evidence regarding the underlying nature of defendant's prior felony convictions; and in permitting the government to make reference to Dean's prior criminal history during trial and in closing argument. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291, and affirm the trial court in all respects.

## I. Background

The facts relevant to the issues on appeal are as follows: Prior to trial, defense counsel filed a motion to bifurcate the prosecution on the charge of felon in possession with a firearm into two separate proceedings: before the jury considered defendant's prior convictions, it should first determine the existence of the other elements of the offense. The district court denied the motion.

On the first day of trial, defendant stipulated to the admissibility of government's exhibits 1–4, which were certified copies of each of defendant's four prior felony convictions. Defendant did not request that the exhibits be redacted to remove any references to the specific nature of the offenses. Nor did defendant offer to stipulate only to the existence of his prior convictions.

In his opening statement at trial, defense counsel specifically referred to the nature of the prior convictions:

> Mr. Graf has told you that Exhibits 1 through 4 have been admitted already. The Court told you that also. And those are the documents that show Mr. Dean's prior convictions. Those documents will show you that he's been convicted of attempted murder back in 1976 in Texas, for which he drew a term of probation. He possessed an unlawful weapon in 1979 and was charged with that and got two years on that. He was involved in an aggravated assault in 1984. He served time on that. And he did—he was in possession of a weapon in 1993. Because of his background and because of his record, he was charged with that and convicted.
>
> I will tell you that all of those documents show and will show you when you get to see them that he pled guilty to all those. There was no trial. He pled guilty to those. But he is here today saying to you, through me, I didn't do this one. I did those other four, I didn't do this one.

(Tr. Vol. 5, pp. 13–14.)

The defense attorney, during closing argument, asked the jury to closely examine the copies of the judgments:

> [J]ust as Mr. Graf said, they have a four-time convicted felon. As I said in my opening—and you'll see it, and I encourage you to read it carefully, it's small print. I do encourage you to read each of the judgments, because you'll come to find out that Mr. Dean pled guilty.

(Tr. Vol. 7, pp. 13–14.) The jury returned a verdict of guilty. Defendant timely appeals.

---

* The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation.

## II.  Discussion

■ We review *de novo* the district court's denial of defendant's request to bifurcate the offense for trial. *United States v. Barker*, 1 F.3d 957, 959 (9th Cir.1993).

■ While this circuit has not previously considered the precise nature of the bifurcation issue raised by the defendant in this case, his argument has been rejected by the four circuits that have addressed the question. *See, United States v. Jacobs*, 44 F.3d 1219 (3rd Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 1835, 131 L.Ed.2d 754 (1995); *United States v. Barker*, 1 F.3d 957 (9th Cir.1993); *United States v. Birdsong*, 982 F.2d 481 (11th Cir.), *cert. denied,* 508 U.S. 980, 113 S.Ct. 2984, 125 L.Ed.2d 680 (1993); *United States v. Collamore*, 868 F.2d 24 (1st Cir.1989).

In *Collamore*, the district court granted the defendant's motion to bifurcate the elements of the charge of possession of a firearm by a convicted felon. In reversing the district court, the court of appeals reasoned:

> First, when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of a firearm by most people is not a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.

*Collamore*, 868 F.2d at 28.

In a similar vein, the court in *Barker* stated that a bifurcation order "removes an element of the crime from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime." 1 F.3d at 959. The reasoning of the foregoing circuits is persuasive. We hold that the district court did not err in denying the defendant's motion to bifurcate the trial.

■ Defendant, for the first time on appeal, urges that the trial court erred in allowing the jury to hear evidence regarding the number and nature of defendant's prior felony convictions. When a defendant stipulates to the admissibility of evidence at trial, without objection, the circuit court reviews only for plain error. *United States v. Herndon*, 982 F.2d 1411, 1416 (10th Cir.1992). *See also United States v. Jones*, 44 F.3d 860, 875 (10th Cir.1995) (the failure to object to the admissibility of evidence is a waiver absent plain error).

Although defendant at trial stipulated to the existence, number, and underlying nature of his previous four felony convictions, he now takes the position that the trial court committed plain error in allowing him to enter into such a stipulation. He claims that he was denied a fair trial because the evidence of his past convictions may have prejudiced the jury.

Our recent decision in *United States v. Wacker*, 72 F.3d 1453 (10th Cir.1995), provides us guidance on this issue. There, the defendant, Lipp, was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lipp objected to the admission of the journal entries of conviction and offered to stipulate to the fact of his prior convictions. When the government refused to accept the stipulation, the district court overruled Lipp's objection and allowed the government to introduce the journal entries into evidence. On appeal, Lipp argued that the trial court's ruling was an abuse of discretion.

In analyzing Lipp's argument, we first distinguished our earlier decision in *United States v. Brinklow*, 560 F.2d 1003 (10th Cir. 1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978). There, we determined that the trial court did not abuse its discretion by refusing a defendant's request to strike from the indictment and keep from the jury all references to his previous felony convictions. 560 F.2d at 1006. Recognizing that a prior felony conviction is an essential element of the offense, we held that "the government is not required to accept such [a stipulation] and may insist upon proving all essential elements of its case." *Id.*

In *Brinklow*, the defendant had "proposed that [the] jury instructions specify only those

essential elements of the crime other than that of a previous felony conviction and that the jury be instructed that there were additional necessary elements with which they did not need to be concerned." 560 F.2d at 1006. In sharp contrast, the defendant in *Wacker* did not seek to keep from the jury the fact of his felony status, but only the nature and underlying circumstances of his prior crimes. 72 F.3d at 1471. We deemed this distinction was "significant." *Id.*

We noted that the majority of circuits that have considered the issue have held that evidence concerning the nature of the predicate crime in a felon in possession prosecution is irrelevant and prejudicial. *Id.* at 1471–72. Consequently, such evidence should be excluded if possible by use of a redacted record, stipulation, affidavit, or other similar technique whereby the jury is informed only of the *fact* of a prior felony conviction, but not of the *nature* and *substance* of the conviction. Judge Ebel, writing for the panel, stated:

> Today we hold that where a defendant offers to stipulate as to the existence of a prior felony conviction, the trial judge should permit that stipulation to go to the jury as proof of the status element of section 922(g)(1), or provide an alternate procedure whereby the jury is advised of the fact of the former felony, but not its nature or substance. *See Tavares*, 21 F.3d [1,] at 4 (citing other non-prejudicial alternatives). Correspondingly, in those situations where the defendant is willing to concede the existence of the prior felony conviction, the trial judge should ordinarily preclude the government from introducing any evidence as to the nature and substance of the conviction, as the probative value of this additional information generally will be overshadowed by its prejudicial effect under Federal Rule of Evidence 403.
>
> ... Lipp's proposed stipulation did not attempt to keep from the jury the fact that he was a convicted felon, nor did it seek to preclude the jury from deciding the prior conviction element of the crime. Rather, the stipulation sought only to limit the prejudice that would result from the jury being informed that Lipp had been convict-

ed of murder and possession with intent to distribute marijuana. The government offered Lipp's prior convictions for the sole purpose of proving the status element of section 922(g)(1), and because the proffered stipulation would have satisfied this element, the additional prejudicial information regarding the nature of Lipp's prior crimes should have been excluded under Rule 403.

*Id.* at 1471–73.

The court concluded that the trial court had abused its discretion by admitting the journal entries of conviction into evidence. Here, in contrast to the defendant in *Wacker*, Dean did not proffer a stipulation which sought to present to the jury only the fact that he had a prior felony conviction. Instead, he stipulated to admission of the four journal entries, which set forth the nature and substance of defendant's prior convictions. Defendant did not seek to redact from the judgments the specific references to the nature and substance of the convictions. Moreover, defense counsel, in his opening statement to the jury, enumerated the nature, plea dispositions, and penalties of defendant's prior convictions.

■ "Plain errors are those errors that when viewed against the entire record 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Wynne*, 993 F.2d 760, 766 (10th Cir.1993) (quoting *United States v. Bowser*, 941 F.2d 1019, 1021 (10th Cir.1991) (quoting *United States v. Young*, 470 U.S. 1, 15–16, 105 S.Ct. 1038, 1046–47, 84 L.Ed.2d 1 (1985))). To constitute plain error, the district court's mistake must have been both obvious and substantial. *Cartier v. Jackson*, 59 F.3d 1046, 1050 (10th Cir.1995). The substantiality requirement of the plain error rule "embodies a requirement that the defendant prove prejudice attributable to the error." *United States v. Williamson*, 53 F.3d 1500, 1521 (10th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 218, 133 L.Ed.2d 149 (1995).

■ After examining the record, we conclude that the trial court did not commit plain error in allowing the defendant to stipulate not only to the fact of his prior felony

convictions, but also to the nature and substance of his convictions. Defendant has made no showing that the trial court's admission of the prior convictions was an error "affecting substantial rights." To the extent that defendant is claiming that the "prejudice" which he has suffered is the conviction itself, he misinterprets the focus of the prejudice analysis that we conduct under plain error review. "Our analysis centers not on the outcome of the trial—conviction or acquittal—but rather on the fairness and integrity of the proceedings themselves." *United States v. Gomez,* 67 F.3d 1515, 1525 (10th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 737, 133 L.Ed.2d 687 (1996).

■ Dean's attorney incorporated the stipulation into his theory of the defense: counsel specifically argued to the jury that it was entitled to draw an inference that Dean did not commit the instant offense because he had not pled guilty, whereas in his prior offenses he had always pled guilty. The defense chose to include the judgment and conviction orders as an integral part of its trial strategy. Strategic choices of attorneys are given great deference. The court will not question sound tactical decisions of trial counsel. *High v. Kemp,* 819 F.2d 988 (11th Cir.1987). Trial strategies necessarily evolve without the benefit of hindsight. Accordingly, we afford a high level of deference to the reasonableness of counsel's performance in light of all the circumstances at the time. *Lopez v. Shanks,* 10 F.3d 810, 1993 WL 499817 (10th Cir.1993).

■ Dean next asserts that the government's "repeated reference" to the defendant's criminal history during the presentation of evidence and during closing argument was plain error. Again, defendant failed to lodge any objection at trial; therefore, we review only for plain error. *United States v. Patterson,* 20 F.3d 809 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 128, 130 L.Ed.2d 72 (1994), *United States v. Ratchford,* 942 F.2d 702, 705 (10th Cir.1991), *cert. denied,* 502 U.S. 1100, 112 S.Ct. 1185, 117 L.Ed.2d 427 (1992).

Specifically, defendant takes issue with the prosecutor's remarks in his initial closing argument, when he stated:

But I ask you to recall what the defense told you in their opening statement. They started off, and they admitted to you that the defendant had these prior convictions. And I think you'll recall one of the first things that they said was well, yes he had a conviction in 1976 for—it was almost flippant in the way it was presented to you—attempted murder but he got probation for that ... that probation was revoked, and he was sentenced to two years in prison. [I]n 1979, two years after that particular probation revocation, he was possessing a short-barreled firearm. Basically the same type of offense you see before you today. That he does have a 1984 conviction for aggravated assault.... And in 1993 has a conviction for possessing a weapon.

(Tr. Vol. 7, p. 9.) Defendant also objects to the following statements made by the prosecutor in his rebuttal argument:

But I submit to you ladies and gentlemen, when you look at his four prior convictions, all for felonies, all for crimes of violence or possessing a firearm, and now he's up to No. 5, and I submit to you when all of the other ones were in state court, and now he has moved into the major leagues, he's in federal court, that will provide you with some insight as to why he may be pleading not guilty in this case.

. . . .

And when you break it down to something that a six-year-old can understand, when you tell somebody what this case is about, you tell them that you have an individual who has been convicted of four crimes involved with firearms, and because he's on his fifth—he was on probation at the time of the offense.

And then he asked you why he would plead not guilty and roll the dice. I submit to you that you can draw some inferences of why he won't do that with the record he had and the fact that he's on probation. That's a reason why he pled not guilty.

(Tr. Vol. 7, pp. 21, 27.)

■ In order to make an appropriate assessment whether the prosecutor's remarks exceeded permissible bounds, "the reviewing court must not only weigh the impact of the

prosecutor's remarks, but must also take into account defense counsel's opening salvo." *United States v. Young,* 470 U.S. 1, 12, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985). "[I]f the prosecutors remarks were 'invited,' and did no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction." *Id.*

Viewing the prosecutor's remarks in context, we find his comments in closing argument did not constitute plain error. The prosecutor's statements were made in response to statements made by defense counsel. In his initial closing argument the prosecutor was in fact simply repeating, or recapping, what the defense attorney had already said in his opening statement. The defendant in his closing argument invited the government's rebuttal argument by asking the jury to speculate as to why the defendant pled not guilty in this case but guilty in his previous cases. A prosecutor is afforded considerable latitude to reply to an argument raised by his opposing advocate. *United States v. Brewer,* 630 F.2d 795, 803 (10th Cir.1980).

The prosecutor did not unduly emphasize the defendant's prior convictions during presentation of the evidence. The only mention of the prior convictions by the prosecutor during the government's case-in-chief was at the time he offered into evidence government's exhibits 1–4, the certified copies of the judgment and conviction orders. These exhibits were not published to the jury until after closing arguments and the jury began deliberations. The government properly curtailed its use of the prior crimes evidence; it did not "parade" Dean's convictions before the jury or "exploit them in any prejudicial fashion." *See U.S. v. Wacker,* 72 F.3d at 1474. *Cf. United States v. Dockery,* 955 F.2d 50, 51 (D.C.Cir.1992) (government presented evidence of defendant's prior convictions on five separate occasions). We conclude that the prosecutor's references to Dean's prior convictions did not constitute plain error.

AFFIRMED.