**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARQUETTE DONDRE WISEMAN,

    Defendant-Appellant.

No. 00-2051
(D. N.M.)
(D.Ct. No. CR-99-687-JP)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

Appellant Marquette Dondre Wiseman, a federal inmate, appeals his two

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jury convictions.  We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

United States Border Patrol agents arrested Mr. Wiseman, the driver of a semi-truck, and his passenger, Juan Rendon-Matron, after discovering more than a half-ton of marijuana contained in both the tractor and trailer.  Mr. Rendon pled guilty to the indictment of one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.  Mr. Wiseman proceeded to trial where a jury convicted him of the same charges and the district court sentenced him to concurrent seventy-eight-month sentences.

Mr. Wiseman appeals his convictions raising two arguments in support thereof.  First, he claims the prosecutor presented an improper rebuttal closing argument that shifted the burden of proof from the government to Mr. Wiseman, and that the trial court's failure to *sua sponte* provide a curative instruction constituted plain error.  Mr. Wiseman's second argument raised on direct appeal centers on an ineffective assistance of trial counsel claim, which his appellate

counsel treated as an *Anders* argument.[1]  Appellate counsel provided a summary of Mr. Wiseman's ineffective assistance of counsel argument, but informed the court he "does not believe a good faith basis exists for [this] argument."  Mr. Wiseman did not file an additional brief outlining his ineffective assistance of counsel argument.

We begin our review with Mr. Wiseman's prosecution misconduct argument and allegation the district court erred in not providing the jury with a curative instruction.  The record shows that prior to presentation of evidence at trial, the district court instructed the jury:

> Certain things are not evidence and must not be considered by you as evidence. ...What the lawyers say is not evidence.  The lawyers will make opening statements, closing arguments, ask questions, make objections, but that is not evidence in the case ....
>
> ...
>
> ... In a criminal jury case it's the government's burden of proving the guilt of the defendant.  The defendant has no obligation to present any evidence or to testify.  If a defendant does not testify you may not even take that into account in reaching your verdict.

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (requiring counsel who finds an appeal to be wholly frivolous to advise the court, request permission to withdraw, and provide an accompanying brief referring to anything in the record that might arguably support the appeal.)  Accordingly, Mr. Wiseman's appellate attorney provided argument on this claim and filed a motion to withdraw from arguing the ineffective assistance of counsel claim raised by Mr. Wiseman.

The government's standard of proof is beyond a reasonable doubt. I'll define that for you further in written instructions. But simply keep in mind that the standard of proof before you can convict a defendant is proof beyond a reasonable doubt ....

...

... [T]he lawyers will make their closing arguments which, again, are not evidence ....

Following the trial court's preliminary instructions, both the prosecution and defense presented evidence. As part of his defense, Mr. Wiseman testified on his own behalf. The pertinent part of his testimony on appeal concerns his statements that an employee of a wiring harness company allegedly witnessed Mr. Wiseman "seal" the doors to the trailer at the warehouse loading yard, after the wiring harnesses were loaded.[2] However, Mr. Wiseman was unable to name or describe this employee. Mr. Wiseman's co-defendant, Mr. Rendon, did not testify.

---

[2] The intimation of Mr. Wiseman's testimony is that because he sealed the trailer, he did not put the marijuana in it either at the loading yard or later. However, two border agents testified Mr. Wiseman admitted he placed the marijuana in the trailer. One of those agents also testified Mr. Wiseman told the agent he and Mr. Rendon left the loading yard and later loaded the marijuana at another location. The same agent testified that the government's photographic exhibit shows the seal was intact on the back of the trailer. Thus, the jury made a credibility determination as to whether Mr. Wiseman placed the seal on the trailer after allegedly loading the marijuana or at the loading yard as he contended.

At the close of the evidence stage of the trial, the district court read the jury the written jury instructions. The instructions stated, in part, that Mr. Wiseman was presumed innocent and not required to testify or produce any evidence; instead, the government carried the burden of proving him guilty beyond a reasonable doubt. The district court also cautioned the jury that the statements and arguments of the attorneys did not constitute evidence.

Following these instructions, the attorneys conducted closing argument. In so doing, Mr. Wiseman's defense counsel put forth a "missing witnesses" argument, in which she argued:

> Let me go back to the seal for just a moment. Agent Claflin told you that he verified that the seal on the back of that truck was the same seal written on the back of the bill of lading .... And again, there is absolutely no evidence, and you would have to speculate to believe anything other than what Mr. Wiseman told you with regard to the seal. The government didn't bring any witnesses to disprove what he told you.
>
> Where is Mr. Rendon? He certainly isn't here to say that by words or acts he agreed together with Mr. Wiseman.

In response, in the closing argument rebuttal, the prosecutor remarked:

> [T]he defense is absolutely right that the defendant does not have to prove he's innocent, that's absolutely right. However, when the defendant takes the stand you then, as jurors, get to determine the credibility of the testimony of the defendant. And when defense counsel comes here and says, "where is Mr. Rendon," you know, "why isn't he here," you need to understand that the defense counsel

-5-

has the ability to subpoena witnesses to these proceedings if they wish.

With regard to the government not calling the employee who allegedly saw Mr. Wiseman place the seal on the trailer, the prosecutor said:

> Again, the defendant could have called the person who I tried to identify, "Who was the employee that saw you do this [put the seal on the truck]? "What was his name?" ... "I don't know." "How did he look?" "I don't know." Kind of tough to follow up on that.

At trial, defense counsel did not object to the prosecutor's remarks nor ask for a curative instruction from the district court.

On appeal, Mr. Wiseman's counsel contends the prosecutor's remarks shifted the burden of proof to the defendant, so that without a curative instruction, "the fairness and integrity of the proceedings themselves were called into question, thus amounting to plain error." The specific remarks contested on appeal include the prosecution's statements to the jury: 1) "you need to understand that the defense counsel has the ability to subpoena witnesses to these proceedings if they wish"; and 2) "the defendant could have called the person who I tried to identify, 'Who was the employee that saw you do this? What was his name?' ... 'I don't know' ... 'I don't know.'" Mr. Wiseman also contends the district court's failure to *sua sponte* issue a curative instruction constituted plain error.

-6-

Because Mr. Wiseman's defense counsel did not object to the prosecution's rebuttal remarks at trial, we review it for plain error. *See United States v. Gonzalez-Montoya*, 161 F.3d 643, 650 (10th Cir. 1998), *cert. denied*, 526 U.S. 1033 (1999). In evaluating Mr. Wiseman's prosecutorial misconduct claim, we employ a two-step process:

> First, we determine whether the prosecutor's behavior was improper; if so, we decide whether it mandates reversal. ... In evaluating such incidents for plain error, we will reverse only if after reviewing the entire record, we conclude that the error is obvious and one that would undermine the fairness of the trial and result in a miscarriage of justice.

*Id.* (quotation marks and citation omitted).

In making these determinations, we recognize the prosecution may comment on the defendant's failure to call a witness so long as the statement cannot be construed as a comment on the failure of the defendant to testify. *See United States v. Merryman*, 630 F.2d 780, 788 (10th Cir. 1980) (citations omitted). Moreover, "[i]t is well settled that the attorney prosecuting the case on behalf of the government is authorized to respond to exculpatory arguments made by [the] defendant[] during closing arguments." *Id.* at 789 (citation omitted). In order for us to make an appropriate assessment whether the prosecutor's rebuttal remarks in this case "exceeded permissible bounds," we "must not only weigh the impact of the prosecutor's remarks, but must also take into account defense

counsel's opening salvo." *United States v. Dean*, 76 F.3d 329, 334-35 (10th Cir. 1996) (quotation marks and citation omitted). In other words, if the prosecutor's remarks were "invited, and did no more than respond substantially in order to right the scale, such comments would not warrant reversing a conviction." *Id.* at 335 (quotation marks and citations omitted). We have concluded "[a] prosecutor is afforded considerable latitude to reply to an argument raised by his opposing advocate." *Id.* (citation omitted).

With these principles in mind and after reviewing the record, we conclude the prosecutor's rebuttal remarks during closing argument did not constitute plain error. First, none of the prosecutor's remarks can be construed to impermissibly comment on the defendant's failure to testify because Mr. Wiseman testified in his own defense. *See Merryman*, 630 F.2d at 788. Second, defense counsel clearly invited the prosecutor's remarks when she made comments speculating why the government failed to call certain witnesses to testify. The prosecutor's remarks on the defense's ability to subpoena the same or other witnesses did nothing more than "right the scale." *See Dean*, 76 F.3d at 335. Under these circumstances, we cannot say the prosecution's remarks were improper, or improperly shifted the burden of proof. This is especially true in light of the fact the prosecutor prefaced his remarks with a statement Mr. Wiseman did not need to

prove his innocence.  Furthermore, the district court provided the jury with burden of proof instructions which plainly placed the burden of proof on the government.

Nevertheless, Mr. Wiseman contends that under our ruling in *United States v. Coleman*, 7 F.3d 1500 (10th Cir. 1993), the district court was required to *sua sponte* give a curative instruction.  In *Coleman*, we held the district court's curative instruction solved any problem created by the prosecutor's closing remarks.  Specifically, the prosecutor remarked that the defense could have subpoenaed the witnesses they complained the government failed to call.  *Id.* at 1506.  However, our ruling in *Coleman* is distinguishable.  In that case, the defendant did not testify, and we determined the prosecution's remarks came perilously close to commenting on the defendants' failure to take the stand.[3]  *Id.* In this case, Mr. Wiseman did testify, so the prosecution's remarks on the defense's ability to subpoena witnesses did not implicate Mr. Wiseman's Fifth Amendment right to remain silent.  For these reasons, we conclude the district court did not err in not giving a curative instruction.

---

[3] Arguably, the prosecution's remarks in *Coleman* were more prejudicial than here.  In pointing out the defense could subpoena witnesses to testify, the prosecutor further stated "[i]f those witnesses had had something to say on behalf of their client, those witnesses would have taken the stand." *Coleman*, 7 F.3d at 1505.

As to Mr. Wiseman's ineffective assistance of counsel argument, we have held ineffective assistance of counsel claims should be brought in collateral proceedings, and that those "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (*en banc*). This court will, however, consider an ineffective assistance of counsel claim when the record on such a claim has been adequately developed by the district court prior to appeal. *See United States v. Gallegos*, 108 F.3d 1272, 1280 (10th Cir. 1997).

In this case, Mr. Wiseman's appellate counsel concedes "the record on appeal before this Court does not reflect ineffectiveness, as additional facts would be needed." Given this statement, and our decision to dismiss, we decline to address Mr. Wiseman's ineffective assistance counsel on direct appeal.

For the foregoing reasons, we **AFFIRM** Mr. Wiseman's convictions. For good cause shown, we grant appellate counsel's "Motion to be Partially Relieved

as Arguing Counsel" with respect to the ineffective assistance of counsel issue presented.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge