**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEVIN M. BINKS,

    Defendant-Appellant.

No. 00-4175
(D.C. No. 00-CR-180-K)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

Kevin Binks appeals his convictions for shooting a wild horse and lying

about it to federal agents and to the grand jury. Specifically, Binks was convicted

by a jury of one count of possession of a firearm by a convicted felon in violation

of 18 U.S.C. § 922(g)(1), one count of malicious harassment of wild horses in

violation of the Wild Free-Roaming Horses and Burros Act ("Wild Horses Act"),

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. This court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

16 U.S.C. § 1338(a)(3), one count of willful and malicious injury, inhumane treatment, and causing the death of a wild horse in violation of § 1338(a)(3,6) of the Wild Horses Act, three counts of giving false statements to a federal agent in violation of 18 U.S.C. § 1001(a)(2), and three counts of knowingly making a false statement before a grand jury in violation of 18 U.S.C. § 1623(a). On appeal, Binks argues insufficiency of the evidence, admission of improper evidence, and prosecutorial misconduct. Finding no error, we affirm.

**DISCUSSION**

A.    Sufficiency of the evidence

Binks challenges the credibility of one government witness and the reliability of another. In assessing these challenges, we review the record de novo, viewing the evidence in the light most favorable to the government. United States v. Haslip, 160 F.3d 649, 652-53 (10th Cir. 1998). We will reverse for insufficiency of the evidence only if no rational factfinder could have convicted on the charge. United States v. Hanzlicek, 187 F.3d 1228, 1239 (10th Cir. 1999). We may not consider the credibility of witnesses, Haslip, 160 F.3d at 653, although we must disregard trial testimony that is inherently incredible or impossible on its face, United States v. Pike, 36 F.3d 1011, 1013 (10th Cir. 1994), that is, testimony which involves "facts that [the witness] physically could not

have possibly observed or events that could not have occurred under the laws of nature." Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir. 1991). In view of these principles, Binks' arguments are unavailing.

Christopher Wilkinson testified at trial that he was with Binks throughout the weekend camping trip during which the two of them harassed wild horses and Binks shot a wild horse. In arguing that Wilkinson's testimony was inherently incredible and impossible, Binks relies primarily on garden-variety challenges to Wilkinson's credibility. Further, the fact that two days after the shooting a park ranger was unable to find evidence to corroborate Wilkinson's assertion that Binks fired three shots and that the horse had appeared to fall when shot is inadequate to show that Wilkinson's testimony was impossible on its face.

Bureau of Land Management agent Rudy Mauldin testified at trial that Binks lied to him when he interviewed Binks during Mauldin's investigation of the horse shooting and harassment. Binks argues that Mauldin's testimony should have been excluded because Mauldin neither tape recorded the interview nor asked Binks for a written statement. Binks offers no authority for this argument, and we reject it.

Binks also argues that Mauldin's questions were ambiguous because, during the interview, Mauldin was confused about the name of the person that Binks was camping with on the weekend in question. A conviction for knowingly making

false statements must be reversed if the underlying question was fundamentally ambiguous, one without a meaning upon which persons of ordinary intellect could agree. United States v. Farmer, 137 F.3d 1265, 1268-69 (10th Cir. 1998). Fundamental ambiguity is the exception, not the rule, and an otherwise ambiguous question is acceptable if its context clarifies which meaning was intended, or if there is evidence showing what the question meant to the defendant when he answered it. Id. Applying these principles, Binks' argument fails. Mauldin began the interview by telling Binks that his purpose was to ask Binks about the September, 1999 shooting of a wild horse. (ROA IV 136.) Binks' interview answers demonstrate that he correctly understood Mauldin's questions. (Aple B. 33-34.) The details he provided were consistent with the weekend of the shooting and inconsistent with the earlier camping trip that Binks now claims he thought Mauldin wanted to know about.

Because Wilkinson's testimony was not inherently incredible, Mauldin's questioning was not fundamentally ambiguous, and there was evidence to show that Binks correctly understood the questions that he was answering, we conclude that the evidence was sufficient to sustain Binks's convictions.

B.      Admission of evidence

Binks argues that the district court improperly admitted irrelevant evidence calculated to appeal to the emotions of the jury.  The district court's evidentiary rulings are reviewed for abuse of discretion.  Haslip, 160 F.3d at 653.  Evidentiary issues that were not objected to at trial are reviewed for plain error only.  United States v. Lindsay, 184 F.3d 1138, 1140 (10th Cir. 1998).

Binks argues that the district court should have excluded testimony establishing the identity of the horse that was shot.  Various witnesses testified without objection that they were familiar with the horse from prior visits to the area.  Binks asserts this evidence was irrelevant.  We disagree.  The evidence tended to show that the horse one witness saw on the road moments before Binks and Wilkinson drove up was the same horse that another found shot the next morning.  Further, the fact the horse was so familiar to others suggested Binks lied in telling the grand jury he had never seen it in his many visits to the area.

Binks next challenges admission of evidence of the horse's suffering.  He did not object to any of the evidence that was admitted.  He now argues that the horse's suffering was irrelevant absent evidence that Binks knew of or intended it.  Again, we disagree.  This testimony was relevant to establish the timing of the shooting and to show that Binks fired the shot that caused the death of the horse.

Next, Binks contends that Mauldin and another federal agent improperly testified that Binks was not credible and that Wilkinson was. Although testimony which does nothing but vouch for the credibility of another witness is improper, United States v. Charley, 189 F.3d 1251, 1267 (10th Cir. 1999), the statements here instead consisted of the witnesses' unadorned observations of the actions and demeanor of Binks and Wilkinson. Neither agent gave an opinion as to their credibility or truthfulness, instead merely describing their observations and allowing the jury to reach its own conclusions. Binks offers no authority suggesting that such testimony is inadmissible, and we perceive no error.

Finally, Binks asserts that a wild horse specialist's testimony regarding the harm that generally flows from chasing and harassing horses was improper. We cannot say that the district court abused its discretion. The testimony was brief, dispassionate, and likely helpful to the jury in assessing whether chasing the horses constituted harassment.

Accordingly, we conclude that Binks has failed to show that the district court abused its discretion by admitting any of the challenged evidence.

C.    Prosecutorial misconduct

Because defense counsel did not object to the prosecutor's statements he now challenges, we review for plain error only. Binks can only prevail if he can

show that the trial court plainly erred in failing to conclude that the prosecutor's argument was improper, denied him a fair trial, and influenced the verdict in light of the trial and the jury instructions. United States v. Maynard, 236 F.3d 601, 606 (10th Cir. 2000). This Binks plainly cannot do.

Binks argues that the prosecutor improperly emphasized his past felony conviction. While it is true that the prosecution may not prejudicially exploit prior convictions, United States v. Dean, 76 F.3d 329, 335 (10th Cir. 1996), no such improper conduct occurred here. After two permissible comments in the first minutes of a four day trial, the prosecutor scarcely mentioned Binks's felony status. Binks also argues that the prosecution misstated the appropriate standard for reasonable doubt. We need not decide whether the prosecutor's statements were improper because it is clear that Binks is not entitled to relief. The oral argument at issue did not mischaracterize any evidence, did not clearly invite the jury to ignore its instructions, and was offered in response to the defense's own arguable characterization of the reasonable doubt standard. The trial judge properly instructed the jury on the meaning of reasonable doubt, and he instructed the jury that they must be governed by the jury instructions rather than arguments by counsel. The jury is presumed to follow its instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000). Finally, the evidence of guilt was overwhelming and there is no probability that the jury's verdict was affected by the argument.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge