An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN JAMES WENZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65136

FILED

NOV 13 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of false imprisonment, coercion in violation of an extended order for protection, assault with a deadly weapon in violation of an extended order for protection, child neglect or endangerment, and battery constituting domestic violence. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Justin Wenz first argues that the district court abused its discretion in denying his motion for a mistrial after the improper admission of prior-bad-act evidence. This court reviews a district court's decision to deny a motion for a mistrial for an abuse of discretion. *Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007). Evidence that Wenz threatened to get a gun and open fire was probative of the charges by showing Wenz's intent to control the victim by threats of violence and supporting the State's contention that Wenz induced submission by threat in carrying out the offenses of kidnapping, coercion, and sexual assault. *See* NRS 48.045(2). Further, this incident was so connected to the witness's account of events that the entire offense could not be described without referring to this incident. *See* NRS 48.035(3); *Bletcher v. State*, 111 Nev. 1477, 1479-80, 907 P.2d 978, 980 (1995).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34644

Accordingly, we conclude that the district court did not abuse its discretion in denying the motion for a mistrial.

Wenz next argues that the district court abused its discretion in denying his motion for a mistrial after the State failed to timely disclose exculpatory material. We review de novo whether the State adequately disclosed exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963). *Lay v. State*, 116 Nev. 1185, 1193, 14 P.3d 1256, 1262 (2000). Having reviewed the record, we note that the State disclosed the contested information and conclude that the delay in its disclosure did not constitute reversible error because the disclosure was made at a time that it was of value to Wenz. *See Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1093 (9th Cir. 2009). We note that Wenz was able to cross-examine and argue on this matter and used the delayed disclosure to his advantage to emphasize disparities in the witness's account. We therefore conclude that the district court did not err in denying the motion for a mistrial.

Wenz lastly argues that the district court abused its discretion in denying his motion to sever the protection-order-violation enhancements. We review the district court's denial of a motion to sever offenses for an abuse of discretion. *Brown v. State*, 114 Nev. 1118, 1124, 967 P.2d 1126, 1130 (1998). Wenz fails to identify authority requiring or permitting the district court to sever an enhancement for a separate trial. *See id.* at 1126, 967 P.2d at 1131 (providing for severance of possession-of-firearm-by-ex-felon *charge* from other *charges* in multi-count indictment); *see also United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993) (holding that district court may not bifurcate single offense of felon in possession of a firearm into multiple proceedings because that would preclude State from proving an essential element of charged offense and district court

from instructing the jury on every essential element of offense). Further, we reject Wenz's argument that the protection-order-violation evidence constituted improper bad-act evidence because that enhancement was charged and thus the application of the protective order was an element to be proven beyond a reasonable doubt, as properly noted in the jury instructions, rather than uncharged conduct as would fall under the scope of NRS 48.045(2).

Having considered Wenz's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:     Hon. Douglas W. Herndon, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk