749 So.2d 295 (1999)
Alonzo REAVES, a/k/a Alonzo Reaves, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01078-COA.
Court of Appeals of Mississippi.
September 7, 1999.
Alonzo Reaves, Appellant, pro se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Alonzo Reaves appeals the denial of his post-conviction relief request, raising the following issues as error:
I. WHETHER THE CIRCUIT COURT ERRED IN REVOKING REAVES'S PROBATION AND IMPOSING THE PREVIOUSLY SUSPENDED TEN YEAR SENTENCE.
II. WHETHER THE CIRCUIT COURT RETAINED JURISDICTION OVER REAVES BEYOND 180 DAYS.
III. WHETHER THE TRIAL COURT SENTENCED REAVES DISPROPORTIONATELY IN COMPARISON TO ANOTHER INMATE.
Finding no error, we affirm.

FACTS
¶ 2. Alonzo Reaves embezzled and stole two Black and Decker electric grinders belonging to his employer, Mandel's Inc., in Gulfport, Mississippi. Reaves pled guilty and on July 8, 1996 was sentenced to serve a term of ten years, suspended for two years, in the custody of the Mississippi Department of Corrections. Reaves was also ordered to complete the Intensive Supervised Program-House Arrest while serving his sentence of ten years, suspended for two years. In January of 1997, after approximately six months in the program, a probation revocation hearing was held after Reaves had violated the curfew conditions of his probation. However, the court chose not to revoke Reaves's House *296 Arrest at that time in an order entered January 13, 1997.
¶ 3. Reaves was again brought before the court the following month after a warrant was issued by the Mississippi Department of Corrections for violating the curfew and urinalysis conditions of his probation. On February 17, 1997, Reaves's probation was revoked and his original sentence of ten years was reinstated. Reaves petitioned the lower court under the Mississippi Uniform Post Conviction Collateral Act in a motion to correct, vacate and set aside sentence on October 27, 1997. Prior to the court's ruling on that motion, Reaves filed a second motion styled "Motion To Amend (and/or) Thereby Notice Plain Error" on April 17, 1998. The lower court denied both the pending motion and the latter motion on May 12, 1998. It is from that denial that Reaves now appeals.

ANALYSIS

I.

WHETHER THE CIRCUIT COURT ERRED IN REVOKING REAVES'S PROBATION AND IMPOSING THE PREVIOUSLY SUSPENDED TEN YEAR SENTENCE.
¶ 4. Reaves argues that the trial court illegally imposed a greater sentence of ten years following revocation of his probation after originally sentencing him to serve a term of two years in the House Arrest program. Reaves argues his interpretation of the trial court's sentence to mean that he was only sentenced to a definite sentence of two years in the House Arrest program. Reaves further argues that by that trial court's own order suspending his ten year sentence, he could only be sentenced to serve additional time for a probation revocation to the extent of his remaining time under his definite two year sentence in the House Arrest program. We disagree.
¶ 5. It is clear from a plain reading of Reaves's sentencing order that he was sentenced to serve a term of ten years suspended for two years in the Mississippi Department of Corrections's Intensive Supervision Program-House Arrest. The suspended ten year sentence was conditional upon Reaves's successful completion of his two year term in the House Arrest program in accordance with the stated conditions contained within said sentencing order.
If the defendant should fail to successfully complete the INTENSIVE SUPERVISION PROGRAM-HOUSE ARREST, the Commissioner of the Mississippi Department of Corrections may without further order of this Court place the defendant into general population.... Said suspension of the execution of said sentence is upon the conditions that the defendant comply with all conditions required by the laws of the State of Mississippi for probation as well as the following:
(3) Not have in his possession nor use alcoholic beverages, marijuana, narcotics or other controlled substances of any kind....
(16) Submit to such breath, saliva, urine or other chemical analysis requested to detect the possible presence of narcotics, alcohol or other prohibited substance;
(18) And further agree to participant in the INTENSIVE SUPERVISION PROGRAM-HOUSE ARREST and abide by the rules and conditions of the Intensive Supervision Agreement....
¶ 6. In other words, suspension of Reaves's ten year sentence was contingent upon a successful completion of the two years sentenced under the House Arrest program. In this respect Reaves failed to adhere to the terms and conditions outlined in the sentencing order and the Intensive Supervision Agreement. Our courts have the authority to suspend the imposition or execution of a portion or portions of a sentence and place a defendant on probation. Miss.Code Ann. § 47-7-33 *297 (Rev.1993). They likewise may impose upon defendants conditions as part of the suspension and terms of probation. Miss.Code Ann. § 47-7-35 (Rev.1993). Further, our courts are empowered to revoke part or all of an inmate's probation for violations of the terms and conditions imposed as part of sentencing.
Thereupon, or upon an arrest by warrant as herein provided, the court, in term or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probationer or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
Miss.Code Ann. § 47-7-37 (Rev.1993).
¶ 7. Reaves was sentenced to serve a term of ten years, suspended for two years in the custody of the Mississippi Department of Corrections. Said suspension of the ten year sentence was contingent upon Reaves's successful completion of a two year period of house arrest. Reaves failed to abide by the terms and conditions of his probation and house arrest. Therefore, the trial court was authorized to revoke Reaves's probation and impose any part or all of the ten year sentence originally imposed. This assignment is without merit.

II.

WHETHER THE CIRCUIT COURT RETAINED JURISDICTION OVER REAVES BEYOND 180 DAYS.
¶ 8. Reaves argues that the trial court, by its own order, limited its jurisdiction over him to 180 days. Reaves argues that as of the date of his probation revocation on February 17, 1997, approximately nineteen days had elapsed beyond the trial court's self-imposed 180 day jurisdiction as set forth in the sentencing order. Reaves's sentencing order was entered on July 8, 1996. The pertinent part of the sentencing order which Reaves cites contains the following statement: "During the first three months that the defendant is on House Arrest, Judge Whitfield wants to see the defendant in 30 day intervals each month. Judge Whitfield retains jurisdiction the first 180 days." From this order Reaves argues that the trial judge was without legal jurisdiction to revoke his probation on February 17, 1997, as the court's jurisdiction, by its own order, would have expired on January 8, 1997, or 180 days from the sentencing order's filing.
¶ 9. The Circuit Court of Harrison County is the court of original jurisdiction in this matter. The statement pertaining to retention of jurisdiction for the first 180 days does not in any way limit or preclude the circuit court from exercising original jurisdiction over a probationer during the period of probation as stated in the sentencing order. "At any time during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested." Miss.Code Ann. § 47-7-37 (Rev.1993). We read the statement as indicative of the judge's intent to specifically retain jurisdiction over the probationer during the first 180 days as a means of personally overseeing the probationer's progress. We fail to see how the trial judge's expressed retention during the first 180 days acts as a waiver of jurisdiction beyond the first 180 days yet prior to the expiration of the two year term of probation. This assignment of error is without merit.

III.

WHETHER THE TRIAL COURT SENTENCED REAVES DISPROPORTIONATELY IN COMPARISON TO ANOTHER INMATE.
¶ 10. Reaves argues that the reinstatement of his original sentence of ten years for violating the terms of his probation was "illegal, not fair, harsh and therefore prejudicial and grossly disproportionate to the crime committed" when *298 compared to the sentence received by a fellow inmate in the same jurisdiction under similar circumstances. Reaves, the pro se appellant, has presented an assignment of error without citation or authority. We treat issues of error unsupported by citation or authority as abandoned. Thibodeaux v. State, 652 So.2d 153, 155 (Miss.1995). We have held "that it is the duty of the appellant to provide authority and support of an assignment." Hoops v. State, 681 So.2d 521, 526 (Miss.1996); see also Kelly v. State, 553 So.2d 517, 521 (Miss.1989); Brown v. State, 534 So.2d 1019, 1023 (Miss.1988). Further, "if a party does not provide this support this Court is under no duty to consider assignments of error when no authority is cited." Id. at 526. The present issue is procedurally barred.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.