# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-KA-00221-SCT

*JEFFREY A. RIGBY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/2/2000 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAMELA LUCKIE CASTLE |
| | V. W. CARMODY, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED-07/18/2002 |
| MOTION FOR REHEARING FILED: | 8/16/2002; denied 9/26/2002 |
| MANDATE ISSUED: | 10/3/2002 |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Jeffrey A. Rigby ("Rigby") was convicted by a jury of felony DUI and sentenced in the Circuit Court of Wayne County to serve five years, four years suspended, and five years under supervisory probation in the custody of the Mississippi Department of Corrections (MDOC). On appeal, Rigby asserts five errors: 1) whether the trial court abused its discretion by overruling Rigby's motion to bifurcate the trial and his motion to prohibit the State from using evidence of prior bad acts in the actual guilt phase for the incident that occurred in question and being charged; 2) whether the indictment was insufficient and should have been dismissed; 3) whether the trial court erred when it did not allow Rigby to defend against the allegations that he refused to submit to a chemical test of his breath alcohol level in violation of the doctrine of collateral estoppel; 4) whether the trial court failed to properly instruct the jury; and 5) whether the trial court erred when it did not allow Rigby to examine the venire members about their opinions on a variety of topics. Based upon a careful review of the record and the briefs, we find no merit to the errors alleged by Rigby and affirm the trial court.

## FACTS

¶2. Rigby was stopped by law enforcement officials at a roadblock in Wayne County, Mississippi. He was asked to produce his driver's license, but was unable to do so. Rigby was subsequently taken to the Wayne County Sheriff's Department, where he refused to take an Intoxilyzer 5000 (intoxilyzer) test stating that he was so drunk that he could not pass it.

¶3. Deputy Kevin Stevens first encountered Rigby as Rigby approached the roadblock, and he requested his drivers license. Rigby stated that he did not have his license. Stevens could smell an alcoholic beverage from inside the compartment of the truck. Rigby was asked to pull to the side of the road into a parking lot area, where another deputy, Wesley Waites, also approached Rigby. Waites also testified to noticing the smell of alcohol from the truck, and he subsequently performed a check on Rigby's license, which informed him that his license had been suspended because of previous DUI charges. Rigby was asked to step out of the vehicle, at which time Waites noticed two open containers of beer next to the gear shift.

¶4. Rigby stated that he had been drinking that night and that he was too drunk to take the intoxilyzer test and pleaded with the officers to let him go. Both officers noted Rigby's eyes were red, he was uncoordinated as he used his pick-up truck for balance, and the strong smell of alcohol on his breath. An ice chest that contained beer and whiskey was also found in the back of Rigby's pick-up truck.

¶5. The officers transported Rigby to the Wayne County Sheriff's Department to administer a breath test on the Intoxilyzer 5000 machine ("intoxilyzer"), which is an instrument used to measure a person's breath alcohol level. Rigby refused the test, explaining that he had had too much to drink and thought he could not pass the test. Rigby did not blow into the machine and was charged with driving on a suspended driver's license under implied consent, possession of beer in a dry county, and driving under the influence (DUI).

## ANALYSIS

### I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING RIGBY'S MOTION TO BIFURCATE TRIAL AND HIS MOTION TO PROHIBIT THE STATE FROM USING PRIOR BAD ACTS OF THE APPELLANT.

¶6. During pre-trial motions, Rigby moved to bifurcate the trial and to prohibit the State from using evidence of any prior bad acts. In support of these motions, Rigby requested that the State not be allowed to introduce evidence of Rigby's prior DUI convictions in its case. These motions were denied by the trial court. Rigby then offered to concede his prior convictions to the State, but he did not want to concede them in front of the jury. This issue has been addressed by this Court numerous times. This Court has consistently held that each previous conviction is an element of the felony offense. *Page v. State*, 607 So. 2d 1163, 1168 (Miss. 1992). *Accord*, *Ashcraft v. City of Richland*, 620 So. 2d 1210, 1212 (Miss. 1993). In *Weaver v. State*, 713 So. 2d 860 (Miss. 1997), this Court again held that prior convictions are elements of the felony DUI charge. *See McIlwain v. State*, 700 So. 2d 586, 588 (Miss. 1997)(citing *Page*, 607 So. 2d at 1168); *See also McIlwain* 700 So. 2d at 592 (McRae, J., dissenting)(quoting *Page,* 607 So. 2d at 1169: "As we further acknowledged in *Page*, prior convictions under the statute, "charged and punished as separate, subsequent offenses, are as much elements of the present felony charge as the element of driving under the influence.").

¶7. Rigby relies upon *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574

(1997), for the assertion that if he had stipulated to his prior DUI convictions, then this evidence should not have gone to the jury. Therefore, the State would not have been required to prove these convictions beyond a reasonable doubt.

¶8. *Old Chief* held that "a district court abuses its discretion if it spurns [an offer to stipulate to a prior conviction] and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id*. at 174. *Old Chief* notes that "[i]n this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." *Id*. at 193. Rigby suggests, following the general concept of *Old Chief*, that it is better to bifurcate the proceedings so as to disallow prejudicial convictions to be put before the jury prior to a verdict on the current charge.

¶9. *Old Chief* is easily distinguishable from the present case. In *Old Chief*, the defendant wished to keep the nature of his prior conviction from the jury and, therefore, offered to stipulate to the jury that he had been convicted of the prior felony of assault causing serious bodily injury. Thus, *Old Chief* does not stand for the proposition that the prosecution does not have to put each element of the offense before the jury. A prior assault conviction as the underlying felony is irrelevant to the charge of possession of a firearm. As the Supreme Court has noted, the Constitution "requires criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 510, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444 (1995) (citing *Sullivan v. Louisiana*, 508 U.S. 275, 277-78, 113 S.Ct. 2078, 2080-81, 124 L.Ed.2d 182 (1993)). This Court has repeatedly held that prior DUI convictions are necessary elements of a felony DUI charge. Thus, they must be proven beyond a reasonable doubt to the jury. Further, unlike *Old Chief*, the nature of convictions that are elements of felony DUI is important. *Old Chief*, itself, highlights the specificity of its holding:

> Old Chief's proffered admission would, in fact, have been not merely relevant but seemingly conclusive evidence of the element. *The statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies*, and Old Chief clearly meant to admit that his felony did qualify, by stipulating 'that the Government has proven one of the essential elements of the offense.' App. 7. As a consequence, although the name of the prior offense may have been technically relevant, *it addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation or admission*. Logic, then, seems to side with Old Chief.

*Old Chief*, 519 U.S. at 186 (emphasis added). *Old Chief* is essentially the Supreme Court's interpretation of the Federal Rules of Evidence. Thus, in the very specific instance of a defendant charged as a felon in possession of a firearm, the Court found that the underlying felony, while an element of the crime, was irrelevant. In a felony DUI case, the nature of the underlying felonies is extremely relevant as only prior DUI convictions will justify the charge. Thus, Rigby's suggestion that we extend *Old Chief*'s reasoning to DUI cases is more like attempting to fit a size six shoe on a size ten foot. It can not be done!

¶10. Simply put, bifurcation of the guilt phase of a trial is inappropriate under Mississippi law. To do as Rigby suggests would set up a system where a defendant charged with felony DUI first be tried on the newest DUI before a jury. Then, if the jury returns with a guilty verdict, the prior convictions would be put before that same jury, and it would then deliberate on the felony DUI charge. This procedure would be a direct violation of our Uniform Rules of Circuit and County Court Practice. Rule 3.10 states in pertinent part that "[a]fter the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence." Unif. R. Cir. & County Court Prac. 3.10.

¶11. Only two states have adopted the procedure suggested by Rigby. Arkansas and Florida consider prior convictions an element of felony DUI, however, they require bifurcation of the guilt proceedings. *Peters v. State*, 692 S.W.2d 243 (Ark. 1985); *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

¶12. Other sister states have considered this very issue and have come to different conclusions. The majority of states that classify prior DUI convictions as an element of felony DUI, however, have rejected bifurcation. *State v. Galati*, 985 P.2d 494 (Ariz. 1999); *State v. Lugar*, 734 So. 2d 14 (La. Ct. App. 1999); *People v. Keller*, 625 N.Y.S. 2d 325 (N.Y. App. Div. 1995) (holding that evidence of defendant's prior misdemeanor DWI conviction was properly submitted to a grand jury as evidence of the defendant's guilt of charged felony DWI); *State v. Flasck*, 2001 WL 20823 (Ohio Ct. App. Dec. 29, 2000); *Maibauer v. State*, 968 S.W.2d 502 (Tex. Ct. App. 1998) (declining to adopt *Old Chief*'s reasoning in DWI cases and finding that evidence of prior convictions was properly admitted during guilt phase of trial despite offer by defendant to stipulate to convictions); *Farmer v. Commonwealth*, 390 S.E.2d 775 (Va. Ct. App. 1990), *modified upon rehearing*, 404 S.E.2d 371 (Va. Ct. App. 1991). Two sister states have adopted a procedure which requires bifurcation, however, it only applies when a defendant is challenging a prior conviction and the trial judge determines that the challenge has merit. See *State v. Porter*, 671 A.2d 1280 (Vt. 1996) (citing *State v. Lafountain*, 628 A.2d 1243 (Vt. 1993) and *State v. Nichols*, 541 S.E.2d 310 (W.Va. 1999)). Alaska also has found that a unitary trial proceeding is "permissible" and "fair" and is not prejudicial, however, in dicta it recommends bifurcation as a option that judges might consider. *Ross v. State*, 950 P.2d 587 (Alaska Ct. App. 1997). All other states who have considered this issue view prior convictions as sentence enhancing factors, and thus bifurcation occurs between the guilt and sentencing phases. Bifurcated trials conducted by judges at sentencing only presents a workable solution to this problem, but only where the states involved have statutes that clearly set out prior DUI convictions as sentencing enhancing factors. That is not the fact in the case at bar. In Mississippi, the issue of prior DUIs is clearly an element of the offense required to be proven to the jury. At first blush, it might appear that having a judge conduct such a second phase of a bifurcated trial is a better procedure. However, such a procedure would produce several problems. The first and foremost problem is the denial of a defendant's Sixth Amendment right to trial by jury.

¶13. Federal courts have considered a similar question in regard to whether a defendant charged with possession of a firearm by a convicted felon is entitled to a bifurcated trial separating the issues of possession and the prior felony. Again, the majority of the federal courts have also rejected such an entitlement. See *United States v. Underwood*, 97 F.3d 1453, 1996 WL 536796 (6th Cir. 1996) (table); *United States v. Koskela*, 86 F.3d 122 (8th Cir. 1996); *United States v. Nguyen*, 88 F.3d 812 (9th Cir. 1996); *United States v. Dean*, 76 F.3d 329 (10th Cir. 1996); *United States v. Jacobs*, 44 F.3d 1219 (3d Cir.1995); *United States v. Milton*, 52 F.3d 78 (4th Cir.1995); *United States v. Tavares*, 21 F.3d 1, 3 (1st Cir.1994); *United States v. Jones*, 16 F.3d 487, 492 (2d Cir.1994) (via dicta intimated that bifurcation would, at least, not be required in such cases); *United States v. Birdsong*, 982 F.2d 481

(11th Cir. 1993). These courts have consistently reiterated the reasoning upon which they relied in reaching their conclusions:

> Any other holding would lead to an impermissible result if a jury did not return a guilty verdict on the possession portion of the crime. **The government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged.** *See United States v. Campbell*, 774 F.2d 354, 356 (9th Cir.1985) (the government is "entitled to prove the[ ] elements of the charged offenses by introduction of probative evidence"); *United States v. Combs*, 762 F.2d 1343, 1346 (9th Cir.1985) ( "When a person is prosecuted under a statute, the requirements of the statute should be explained to the jury so that they may determine whether or not the defendant's conduct fits within the statute.").

> Additionally, the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct...Limiting the jury's consideration of required elements of an indicted offense is contrary to the presumption against special verdicts in criminal cases. *United States v. Aguilar*, 883 F.2d 662, 690 (9th Cir.1989), *cert. denied*, 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991). The bifurcation order removes an element of the crime charged from the jury's consideration, prevents the government from having its case decided by the jury, and changes the very nature of the charged crime. *See Gilliam*, 994 F.2d at 102 ("There is a significant difference, however, between a rule formulated to limit the admissibility of potentially prejudicial evidence and a rule that eliminates an element of a crime legislated by Congress.").

*United States v. Barker*, 1 F.3d 957, 959 (9th Cir.1993), *amended*, 20 F.3d 365, 365-66 (9th Cir.1994) (emphasis added). The Sixth Circuit has summarized these reasons:

> First, if the jury did not return a guilty verdict on the possession portion of the crime, the government would be precluded from proving an essential element of the charged offense. Second, a bifurcated proceeding would withhold from the jury all knowledge of the prior felony element of the crime. Third, the bifurcation order would require omitting an element of the charged offense from the jury instructions.

*United States v. Underwood*, 1996 WL 536796 *6, 97 F.3d 1453 (6th Cir. Sept. 20, 1996) (table) (citing *Barker*, 1 F.3d at 959)). This Court finds this reasoning applicable to bifurcation of felony DUI trials. Thus, we reject Rigby's allegation of error on this issue. We continue to adhere to *Page* and *Weaver*. Prior DUI convictions are elements of a felony DUI charge and are required to be submitted to a jury.

¶14. Despite this finding, certain procedural safeguards are warranted if a defendant offers to stipulate to previous DUI convictions. The trial court should accept such stipulations, and they should be submitted to the jury with a proper limiting instruction. The instruction should explain to the jury that the prior DUI convictions should be considered for the sole purpose of determining whether the defendant is guilty of felony DUI and that such evidence should not be considered in determining whether the defendant acted in conformity with such convictions in the presently charged offense. *See United States v. Munoz*, 150 F.3d 401 (5th Cir. 1998). A balance is therefore struck between the prosecution's burden to prove the elements of a crime and the evidentiary rules which safeguard a defendant's right to a fair trial. Rule 403 of the Mississippi Rules of Evidence instructs courts to weigh the probative value of evidence against its

prejudicial effect. Rule 404 ensures that a defendant is tried for the offense he allegedly committed, not for the type of person that he may be. Therefore, the impact of the evidence of prior bad acts must be lightened as much as possible. Thus, if a defendant stipulates to the prior DUI convictions, a limiting instruction accomplishes this goal. We suggest that trial judges facing this situation in the future grant an instruction similar to the following:

> The court instructs the jury that the Defendant has stipulated to one element of the crime of which he/she is currently charged. That element is two prior DUI convictions. The court instructs the jury that these prior convictions of the Defendant may not be considered as evidence that the Defendant committed the DUI with which he/she is currently charged. They may, however, be used for the limited and sole purpose of proving the prior convictions element of the crime of felony DUI.

¶15. Although it would have been more appropriate for the trial court to have accepted the defendant's offer of stipulation and have granted a limiting instruction, Rigby merely offered to concede his prior convictions to the State, and not before the jury; further, accepting such a stipulation as we now hold is appropriate was not required by our caselaw. With no clear precedent requiring a limiting instruction on a constitutional basis, it was not reversible error for the trial court sua sponte to refuse to give a limiting instruction. *See* ***Henton v. State***, 752 So. 2d 406, 407-08 (Miss. 1999). *See also* ***McKee v. State***, 791 So. 2d 804, 810 (Miss. 2001). We affirm the trial court on this issue.

### II. WHETHER THE INDICTMENT WAS INSUFFICIENT AND SHOULD HAVE BEEN DISMISSED.

### A) Failure to properly define the crime for which Rigby was charged.

¶16. Rigby asserts that because the indictment charged him with "DUI Refusal" and "DUI Refused Test," and because these are not existing criminal charges, the indictment failed to properly define the crime for which he was charged. Rigby's motions concerning errors in the indictment were denied by the trial court.

¶17. The indictment presented to the circuit court never charged Rigby with the above quoted language. Instead, the indictment stated, in relevant part that, Jeffrey Rigby

> in said County and State, on or about the 11th day of April, A.D., 1999, did then and there wilfully, unlawfully, feloniously, and knowingly operate a motor vehicle while under the influence of intoxicating liquor, having refused to submit to a chemical test of his breath, as provided for in Mississippi Code Annotated Section 63-11-30(3)

> Further, that this Defendant has been convicted of at least 2 DUI'S making this the 3rd or subsequent offense, within five (5) years of the above date. And all prior DUI convictions being a violation of section 63-11-30 MCA...

(emphasis in second paragraph deleted).

¶18. The indictment clearly charged Rigby with the offense of DUI. Although Rigby's refusal is mentioned in the indictment, the charge is not termed as "DUI Refusal" or "DUI Refused Test." Refusal of a DUI test is not a criminal offense, and there can be no arrest for this refusal. ***Sheppard v. Miss. State Highway Patrol***, 693 So.2d 1326, 1329 (Miss. 1997) (citing Miss. Code Ann. §§ 63-11-21, 23, & 30). We find no merit to this sub-issue, and we affirm the trial court.

**B) The State failed to prove the necessary elements pursuant to the subsection cited in the indictment, and the amendment to the indictment was error.**

¶19. In the indictment, Rigby was charged twice under Miss. Code Ann. § 63-11-30 and once under § 63-11-30(3), the latter being the code section known as the "Zero Tolerance for Minors" section. Rigby asserts that the State failed to prove the necessary elements pursuant to § 63-11-30(3) and that therefore, a dismissal should have been granted. This sub-issue is also without merit.

¶20. The trial court instructed the State during the course of the trial that if it intended to cite a subsection, the proper subsection would be § 63-11-30(1)(a). Agreeing with the trial court, the State subsequently amended its indictment to so reflect. We find that the trial court was correct and, therefore, affirm the trial court. Mere error in writing the statute incorrectly on the indictment is an error of "form" as opposed to "substance," and therefore, the amendment to the indictment is not fatal. *Terry v. State*, 755 So.2d 41, 43-44 (Miss. Ct. App.1999). In *Terry*, the heading of the indictment stated, "burglary of a dwelling," and the heading of Rigby's indictment stated, "Felony DUI/DUI," with, "MCA § 63-11-30," stated underneath it. *Terry* is not distinguishable from the present case, because it is clear that Rigby had notice of the charges brought against him. *See also Miller v. State*, 740 So.2d 858, 862 (Miss. 1999).

¶21. Rigby was thirty-two-years-old at the time of his the indictment, and this alone should have provided notice to him that he was **not being charged** under the Zero Tolerance for Minors subsection, but for felony DUI, as is stated at the top of the indictment. We find no merit in this allegation of error and affirm the trial court.

**III. WHETHER THE COURT ERRED WHEN IT DID NOT ALLOW RIGBY TO PROPERLY DEFEND AGAINST THE ALLEGATIONS THAT HE REFUSED TO SUBMIT TO A CHEMICAL TEST OF HIS BREATH ALCOHOL LEVEL IN VIOLATION OF THE DOCTRINE OF COLLATERAL ESTOPPEL.**

¶22. Miss. Code Ann. § 63-11-23 (Rev. 1996 & Supp. 2001), concerns suspension of a driver's license by the Commissioner of Public Safety when a law enforcement officer makes a report of his reasonable suspicion that a person was driving while under the influence and has refused to take the test. Miss. Code Ann. § 63-11-25 (Rev. 1996) deals with the appeals process from this license suspension.

¶23. Rigby apparently filed a petition to this suspension[1] in the Circuit Court of Wayne County, and the circuit court entered an order which stated that, "the Respondents delete any reference of breath test refusal on April 11 from the Petitioner's driving record and to dismiss the suspension period resulting therefrom." Rigby was not allowed to enter this order into evidence during the course of the trial, and he asserts this was error.

¶24. Rigby asserts that because the issue of refusal had been previously litigated by another court and because the elements of collateral estoppel were present, he should have been allowed to enter this previous order as a defense to the refusal issue. The application of collateral estoppel requires that parties will be precluded from litigation of specific issues that have been actually litigated, determined by, and essential to the judgment in a former action. This rule applies even when the cause of action differs in the subsequent action. *Hogan v. Buckingham*, 730 So.2d 15, 17-18 (Miss. 1998) (citing *Hollis v. Hollis*, 650 So.2d 1371, 1377 (Miss. 1995)).

¶25. In this matter, refusal does not subject a person to any fewer penalties than someone who submitted to the test, as stated in Miss. Code Ann. § 63-11-21 (Rev. 1996). Therefore, the refusal alone cannot determine whether a person was driving under the influence. Rigby's refusal was accompanied by his statements that he knew he had had too much to drink and that he knew he could not pass the test. This was relevant information for the jury to consider.

¶26. Rigby complains that the State was allowed to argue the refusal issue during its opening and closing statements, as well as during the testimony of the two witnesses presented at the trial. Since the State opened the door, Rigby should have been allowed to present the circuit court order that prevented any reference of refusal to be put on Rigby's driving record and any suspension of Rigby's license. *See Florence v. State*, 755 So.2d 1065, 1071-72 (Miss. 2000).

¶27. However, in this case, the trial court's refusal to allow the order to the jury amounted to harmless error. Both officers noted the smell of alcohol from Rigby and from his truck. Open containers of beer were also observed next to the gear shift in his truck. The officer's observations coupled with Rigby's own admissions that he could not pass the test establishes that the overwhelming weight of the evidence was against Rigby. This assignment of error fails, and the trial court is affirmed.

## IV. WHETHER THE COURT FAILED TO PROPERLY INSTRUCT THE JURY.

¶28. Rigby asserts that the trial court's refusal of the following jury instructions was error.

Instruction D-5

¶29. Rigby offered the following jury instruction, only partially granted by the trial court. Jury instruction D-5 stated,

> The Court instructs the Jury that it is not unlawful to drink intoxicating liquors and then operate a motor vehicle. The prohibition is against operating a motor vehicle while "under the influence of intoxicating liquor."

> If a person consumes an intoxicating liquor and is not thereby influenced in the operation of his vehicle, there is no violation of the statute. If, however, as a result of consuming an intoxicating liquor the person's ability or capacity to operate a motor vehicle is impaired, then the statute has been violated.

¶30. The standard of review for jury instructions is to read the instructions together, as a whole, without singling out one instruction to be read alone or taken out of context. *Humphrey v. State*, 759 So.2d 368, 380 (Miss. 2000) (citing *Heidel v. State*, 587 So.2d 835, 842 (Miss. 1991)). The trial court refused this instruction offered by Rigby and instead gave jury instruction C-11, which repeats only the first paragraph of the instruction above. Rigby asserts it was error for the trial court not to define the term "under the influence."

¶31. Rigby states that the definition provided in jury instruction D-5 is an adequate definition for the term "under the influence," according to *Young v. City of Brookhaven*, 693 So.2d 1355 (Miss. 1997). In *Young*, the issue presented was whether the State's prosecution of more than one subsection of Miss. Code Ann. § 63-11-30, the DUI statute, resulted in prejudice to the defendant, since different evidence and strategies may be necessary to defend against each subsection. We concluded that the different subsections

of § 63-11-30 were merely different methods of proving the same offense. *Id*. at 1357-58.

¶32. Before reaching that conclusion, however, we recognized the issue as one of first impression and looked to similar statutes in other states. The omitted part of the jury instruction was taken from a similar Alabama statute used by the Court in determining the above issue in **Young**. While not expressly adopting the Alabama definition of "under the influence," we stated, "We interpret the Mississippi Statute in the same manner. Miss. Code Ann. § 63-11-30 merely sets forth numerous methods of committing the same crime." *Id.* at 1358. Rigby apparently has misread **Young**, which does not state that we have adopted the definition relied upon by Rigby. The trial court provided an adequate jury instruction in this matter.

### Instruction D-6

¶33. Rigby also asserts that the trial court should have given jury instruction D-6, which stated, "the Court instructs that (sic) jury that if you find from the evidence that the defendant refused to submit to a chemical analysis of his blood alcohol content, that this fact is not an element of the offense of driving under the influence and is not conclusive of guilt."

¶34. Rigby asserts that because the State was allowed to argue Rigby's refusal to take the intoxilyzer test to the jury, the trial court should have allowed the above instruction. Rigby further asserts that the trial judge did not instruct the jury that "refusal" was not an element of the crime.

¶35. However, the trial court did grant jury instruction C-8, where it listed the elements of the crime charged, and refusal was not listed as one of the elements. We find this to be a sufficient jury instruction to alert the jury that refusal should not be considered an element of the crime. Rigby's complaint about this instruction is without merit.

### Instructions D-7 and D-8

¶36. Rigby also asserts that the following two jury instructions, D-7 and D-8, should have been given to the jury. Both instructions concern the lack of the State's evidence, and the claim that the State only produced circumstantial evidence as proof. Jury instruction D-7 stated,

> The Court instructs the Jury that if there is a fact or circumstance in this case susceptible to two interpretations, one favorable and one unfavorable to the Defendant, when the jury has considered said fact or circumstances with all other evidence there is a reasonable doubt as to the correct interpretation, then you, the jury, must resolve such doubt in favor of the Defendant, and place upon such fact or circumstance the interpretation most favorable to him.

¶37. Jury instruction D-8 stated, "The Court instructs the Jury that if you can reconcile the evidence upon any reasonable hypothesis consistent with Mr. Rigby's innocence, you should do so and find him "Not Guilty."

¶38. Although both of these instructions were refused by the trial court, it did instruct the jury with instruction C-2, which stated,

> The Court instructs the Jury that a reasonable doubt of guilt may arise either from the evidence or the lack of evidence or a conflict of evidence, and if, upon consideration of all the evidence in this case, or the lack of it or the conflict of it, such reasonable doubt does exist, then it is your sworn duty as Jurors

to return a verdict of Not Guilty.

¶39. The trial court further instructed the jury in instruction C-5 that,

> The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the state the burden of proving the defendant guilty of every material element of the crime with which he is charged. Before you can return a verdict of guilty, the state must prove to your satisfaction beyond a reasonable doubt that the defendant is guilty. The presumption of innocence attends the defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The defendant is not required to prove his innocence.

¶40. Rigby claims that the State only produced circumstantial evidence of Rigby's guilt and the Court should have given jury instructions D-7 and D-8. However, instructions C-2 and C-5 appear to sufficiently summarize the elements of the two refused instructions above as it instructs the jury as to the burden of proof and the circumstances where the jurors must find the defendant not guilty. Instruction C-5 also appears to quiet any questions about refusing instruction D-6, as discussed above, as it states that a defendant is not required to prove his innocence.

¶41. Since the State did produce direct evidence through the testimony of eyewitnesses to the incident, the case was not solely based upon circumstantial evidence, and these instructions were not required. *Sheffield v. State*, 749 So.2d 123, 126 (Miss. 1999). We find that the court's instruction to be sufficient to inform the jury and that the trial court did not err by refusing jury instruction D-7 and D-8.

### V. WHETHER THE COURT ERRED WHEN IT WOULD NOT ALLOW RIGBY TO EXAMINE THE VENIRE MEMBERS ABOUT THEIR OPINIONS ON A VARIETY OF TOPICS.

¶42. Under this issue, Rigby actually alleges four points of error, which are, whether the court erred when the defense attempted to question the venire about, 1) their experiences with law enforcement officials; 2) their opinions of alcohol and the term "under the influence"; 3) their opinions of a person's guilt when he or she refuses to take an intoxilyzer test; and 4) the relevant burdens of proof in this case. After careful review of the record, each of these sub-issues is without merit. Alternatively, Rigby does not cite any authority demonstrating error by the trial court and we are therefore, not required to entertain this issue.

¶43. Conducting voir dire is within the authority of the trial court, and a great deal is left to its sound discretion. *Tanner v. State*, 764 So.2d 385, 399 (Miss. 2000) (citing *Ballenger v. State*, 667 So.2d 1242, 1250 (Miss. 1995)). This discretion includes passing upon the extent and propriety of questions addressed to the prospective jurors. *Jones v. State,* 381, So. 2d 938, 990 (Miss. 1980); *Nicholson v. State*, 761 So.2d 924, 927 (Miss. Ct. App. 2000). This discretion, however, is not unlimited, and an abuse will be found where "clear prejudice to the accused results from undue constraint on the defense or undue lack of constraint on the prosecution." *Jones*, 381 So. 2d at 990.

¶44. Issues of error which are unsupported by citation or authority are considered abandoned. *Thibodeaux v. State*, 652 So.2d 153, 155 (Miss. 1995); *Reaves v. State*, 749 So.2d 295, 298 (Miss. Ct. App. 1999). It is the appellant's duty to provide authority and support for its issues. *Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996); *Reaves*, 749 So.2d at 298. Consequently, we affirm the trial court.

## CONCLUSION

¶45. Following a review of the case below and based on the foregoing reasons the judgment of the trial court is affirmed.

¶46. **CONVICTION OF FELONY DUI, SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR (4) YEARS SUSPENDED AND FIVE (5) YEARS SUPERVISED PROBATION WITH CONDITIONS, AND PAYMENT OF A FINE OF $2,000, COURT COSTS OF $248 AND AB FEE OF $50, AFFIRMED. APPELLANT SHALL RECEIVE JAIL TIME CREDIT FOR 31 DAYS.**

**PITTMAN, C.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. McRAE, P.J., NOT PARTICIPATING.**

**GRAVES, JUSTICE, DISSENTING:**

¶47. I respectfully dissent because I find it highly unlikely that a defendant charged with a felony DUI would receive a fair trial by an "impartial jury" when the jury was informed at the outset of trial that the accused had twice previously been convicted of DUI charges. Once the jury is directly confronted with evidence of a defendant's prior criminal activity, the presumption of innocence is destroyed. The product of such a procedure destroys the historical presumption of innocence which clothes every defendant in a criminal case and in the mind of the average juror would place upon the accused the burden of showing himself innocent rather than burdening the State with the responsibility of proving him guilty. *State v. Harbaugh,* 754 So.2d 691, 693 (Fla. 2000).

¶48. Nor do I agree with the majority that a limiting jury instruction is sufficient to safeguard a defendant against the danger of unfair prejudice by the introduction of prior convictions. Further, while it is true that evidence that a defendant committed all of the elements of a crime must be proven, this could easily be remedied where a defendant stipulates out of the presence of the jury to the prior convictions. The State's burden of proof for those elements would then be satisfied.

¶49. Rule 403 of the Mississippi Rules of Evidence requires that the relevant probative value of prior conviction evidence be balanced against its prejudicial risk. Under Rule 403 the term "unfair prejudice" speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on an improper basis rather than on proof specific to the offense charged. Such improper grounds certainly include generalizing from a past bad act that a defendant is by propensity the probable perpetrator of the current crime. *Old Chief v. United States,* 519 U.S. 172, 180-81, 117 S.Ct. 644, 650, 136 L. Ed. 2d 574 (1997).

¶50. The admission of prior convictions of the same nature as the charges being brought against a defendant will have so significant an impact as to render it almost impossible to have a fair and impartial jury. When such proof occurs at the onset of a trial, all procedures thereafter are tainted by knowledge of the previous actions of the defendant, which knowledge will more than likely outweigh any evidence contradictive to the instant charges against the defendant. The danger of "unfair prejudice" based on knowledge of previous conduct is too insidious an element to ever be allowed in the guilt phase of a criminal trial.

¶51. Moreover, it is fundamentally unfair to place prior convictions of a defendant in front of jurors and then

to ask them to ignore those convictions when determining guilt. The charge of felony DUI is unique in that what constitutes a "felony" DUI is that there have been two prior DUI convictions. Hence, the only reason the two prior convictions are included as elements is that their very existence is a predicate to any felony DUI conviction. Unlike the elements of most other crimes, this crime is predicated upon the existence of prior convictions for separate and unrelated offenses which do not grow out of the same transaction. A more appropriate procedure would allow the defendant to stipulate, out of the presence of the jury, to the two prior convictions and obviate the need for proof of those elements by the State. Absent such a stipulation, then the jury trial should be bifurcated as set forth in *State v. Harbaugh,* 754 So.2d 691 (Fla. 2000). In phase one, the jury determines if the defendant is guilty of the most recent DUI charge. If found guilty of the most recent offense, then, jury determines whether the defendant is guilty of the prior convictions. Such a procedure is simple, efficient and fair.

¶52. Therefore, I would reverse and remand for a new trial consistent with this opinion.

**DIAZ, J., JOINS THIS OPINION.**

1. According to the record, Rigby's license had already been suspended due to a previous DUI conviction when Deputies Stevens and Waite stopped him at the roadblock on April 11th.