MYERS, J.,
for the court.
¶ 1. Clyde Cantrell was arrested for the sexual battery of a minor. Cantrell was convicted in the Circuit Court of Lowndes County, Honorable Lee J. Howard presiding, and sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Cantrell filed a motion for judgment notwithstanding the verdict or, alternatively, new trial which was summarily denied by the trial court. Aggrieved by this decision, Cantrell perfected the present appeal asserting the following issues:
1. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT CANTRELL A MISTRIAL;
2. WHETHER THE TRIAL COURT ERRED WHEN IT STRUCK A JUROR FOR CAUSE AT THE REQUEST OF THE STATE;
3. WHETHER THE DESTROYED TRANSCRIPT OF CANTRELL’S SENTENCING HEARING WARRANTS REVERSAL AND REMAND OF HIS SENTENCE;
4. WHETHER THE CUMULATIVE EFFECT OF ERRORS OCCURRING AT TRIAL WARRANT REVERSAL OF CANTRELL’S CONVICTION; AND
5. WHETHER THE VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
*656 STATEMENT OF FACTS
¶2. Cantrell allegedly sexually abused his minor stepdaughter repeatedly over the course of a one year period. The child came forward and was examined by a medical doctor who discovered that her hymen had been ruptured and vagina penetrated. The victim testified that Cantrell had fondled her breasts and penetrated her with his fingers. Cantrell was arrested and charged with sexual battery.
¶ 3. A potential juror was struck from the jury venire for cause by the trial court at the request of the State. The potential juror stated that she had prior dealings with one of the State’s witnesses that caused her to have bad feelings towards the witness and could affect how she viewed the evidence. The potential juror had already been excused by the court for the second day of the trial for personal reasons.
¶4. At trial the State offered as evidence a letter written from Cantrell to the victim’s mother. The letter was read aloud by the victim’s mother and the State inquired of the witness where in the letter Cantrell denied doing the acts charged. Cantrell objected and moved that the trial court declare a mistrial. The trial court refused to declare a mistrial but sustained the objection and instructed the jury to disregard the question. The jury found Cantrell guilty and the trial court ordered a presentence investigation. The transcript of the sentencing hearing was destroyed when a tree fell on the court reporter’s house. Cantrell received a ten year sentence in the custody of the Mississippi Department of Corrections. Cantrell moved for judgment notwithstanding the verdict or, alternatively, new trial. The trial court denied this motion and Cantrell filed the present appeal.
LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT CANTRELL A MISTRIAL.
¶ 5. Cantrell contends in his first point of error that the trial court erred when it refused to grant his motion for a mistrial. While questioning the victim’s mother, the State introduced into evidence a letter written by Cantrell addressed to the victim’s mother. After the mother read the letter aloud, the State asked her where in the letter Cantrell denied committing the acts of which he was presently accused. Cantrell objected and moved that the trial court grant a mistrial as this question compelled Cantrell to testify to deny the allegations, thus violating his Fifth Amendment protections against self-incrimination. The trial court refused to grant a mistrial but sustained the objection and admonished the jury to disregard the State’s question. Where a trial court sustains a defendant’s objection and instructs the jury to disregard the question, the remedial acts of the trial court are deemed sufficient to remove any taint of prejudice from the jurors’ minds as the jury is presumed to follow the trial court’s instructions. Strnhan v. State, 729 So.2d 800, 808(¶ 34) (Miss.1998). As the trial court sustained the objection and instructed the jury to disregard the State’s question, any prejudice created by the question was removed. This issue is without merit.
2. WHETHER THE TRIAL COURT ERRED WHEN IT STRUCK A JUROR FOR CAUSE AT THE REQUEST OF THE STATE.
¶ 6. Cantrell contends in his next point of error that the trial court erred when it struck a potential juror for cause at the request of the State. The potential juror stated during voir dire that she had prior dealings with one of the State’s witnesses and that ill feelings created by *657 those dealings could cause her to not objectively view the witness’s testimony. This same juror had previously obtained permission from the trial court to be absent on what was the second day of trial. Cantrell presented this as a potential point of error in his appellate brief but has not supported his argument by citation or authority. Issues of error that are not supported by citation or authority are treated as abandoned. Reaves v. State, 749 So.2d 295, 298(¶10) (Miss.Ct.App.1999). It is Cantrell’s duty to provide support and authority for any point of error. Id. This issue is procedurally barred from review by this Court.
3.WHETHER THE DESTROYED TRANSCRIPT OF CANTRELL’S SENTENCING HEARING WARRANTS REVERSAL AND REMAND OF HIS SENTENCE.
¶ 7. Cantrell contends in his next point of error that the destruction of the transcript of his sentencing hearing warrants the reversal of his sentence. Cantrell asserts that he received an excessive sentence as a result of testimony elicited at the sentencing hearing. Cantrell is required to exhibit specific prejudice suffered because of the missing portions of the record in order for this Court to reverse and remand his case to the trial court. Watts v. State, 717 So.2d 314, 318(¶ 9) (Miss.1998). When a sentence is within the statutory limits fixed by the statute, the sentence cannot be said to be excessive. Carter v. State, 450 So.2d 67, 69 (Miss.1984). Cantrell was found guilty of sexual battery and sentenced to ten years in the custody of the Mississippi Department of Corrections. The ten year sentence was well within the statutory limits. Miss.Code Ann. § 97-3-101(1) (Rev. 2000). Cantrell has exhibited no prejudice resulting from a portion of the transcript being destroyed as the sentence was within the statutory limits. This issue is without merit.
4. WHETHER THE CUMULATIVE EFFECT OF ERRORS OCCURRING AT TRIAL WARRANT REVERSAL OF CANTRELL’S CONVICTION.
¶ 8. Cantrell contends in his next point of error that the cumulative effect of the errors occurring during the course of the trial warrant a reversal of his conviction. “This Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal.” King v. State, 788 So.2d 93, 98(¶ 17) (Miss.Ct.App. 2001). “However, where ‘there is no reversible error in any part, so there is no reversible error to the whole.’ McFee v. State, 511 So.2d 130, 136 (Miss.1987).” Id. This Court has examined all of the issues raised by Cantrell and determined that each is entirely without merit, and therefore, this case should not be reversed because of cumulative error.
5. WHETHER THE VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
¶ 9. Cantrell lastly raises in his appeal that the verdict returned against him was against the weight and sufficiency of the evidence. Cantrell asserts these errors but neither presents any argument nor authority to support his position. It is Cantrell’s responsibility to support any issues with citation and authority. Reaves, 749 So.2d at 298(¶ 10). Issues unsupported by authority are deemed abandoned and are procedurally barred from review by this Court. Id. Cantrell does not present any authority or argument in support of his position on this issue. Accordingly, this issue is procedurally barred from review.
CONCLUSION
¶ 10. The issues presented by Cantrell in this appeal are without merit. The trial court did not err in refusing to grant Cantrell a mistrial as instructing the jury to *658 disregard the State s question was a sufficient remedy. The destruction of the sentencing hearing transcript did not result in any prejudice to Cantrell as his sentence was within the limits provided by statute. There was no cumulative error warranting the reversal of Cantrell’s conviction as each error submitted by Cantrell was wholly without merit. The remaining issues presented by Cantrell are procedurally barred from review by this Court as Cantrell failed to provide authority and arguments in support of his position.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.